## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian Newberry and Kameren Newberry, individually and as Trustees of the Newberry Family Trust,<br><br>                    Petitioners,<br><br><br>          -against-<br><br><br>Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC,<br><br>                    Respondents. | **Case No. 20-CV-7005 (SHS)(JLC)** |

### ORDER AND FINAL JUDGMENT RECOGNIZING AND CONFIRMING ARBITRATION AWARD

This matter comes before the Court pursuant to "Petition for Confirmation of Arbitration Award Finding Breach of Contract, and Awarding Attorneys' Fees and Interest," dated August 28, 2020 ("Petition") of the Petitioners Brian Newberry and Kameren Newberry. In their Petition, Petitioners requests that the Court confirm an award entered on June 16, 2020 against respondents Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC in a proceeding before the American Arbitration Association, AAA Arbitration Case No. 01-19-0000-7799 ("the AAA Arbitration Award").

The parties have stipulated (a copy of which is attached as Exhibit A) that there is no genuine dispute as to any material fact and that Petitioners are entitled to judgment as a matter of law for the entire AAA Arbitration Award.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject-matter jurisdiction over this matter under 28 U.S.C. §1332(a)(2), because diversity of citizenship is complete between Petitioners, residents of the State of California, and Respondents, who reside or have an office in the State of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court further has subject-matter jurisdiction under 9 U.S.C. § 9, which grants original federal jurisdiction over an action or proceeding to confirm an arbitration award entered in a proceeding in the United States. *See* 9 U.S.C. § 9. Here, the parties agreed to the application of the AAA Commercial Rules and specifically AAA Commercial Rule 52(c) which provides in relevant part that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.". The application to confirm an arbitration award "shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.

2. This Final Judgment fully incorporates herein and confirms as a judgment of this Court the entire Arbitration Award entered by the AAA in the matter of Brian Newberry and Kameren Newberry, individually and as Trustees of the Newberry Family Trust, Claimants/Counterclaim-Respondents, vs. Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC, Respondents/Counterclaimants, AAA Arbitration Case No. 01-19-0000-7799 on June 16, 2020.

3. The Court confirms the AAA Award in full and enters as judgment of this Court in favor of Petitioners Brian Newberry and Kameren Newberry:

a.      An award of $926,158.65 against Respondent Ball Pond Capital, LLC, which represents compensatory damages of $700,000 and reimbursement of fees and costs of $226,158.65 and of that amount, Respondent Sri Prayal Wijegoonaratna is jointly and severally liable for the sum of $205,935.43 plus interest of $16.93 daily from the date of the award, June 16, 2020, through the date of this judgment,  November 16, 2020, in the amount of $ 2,530.22 .

b.      An award of prejudgment interest against Respondent Ball Pond Capital, LLC of $74.46 daily accruing from the date of the award, June 16, 2020, through the date of this judgment,  November 16, 2020, in the amount of $11,466.84.

c.      An award against Respondents Sri Prayal Wijegoonaratna and Ball Point Capital, LLC, jointly and severally, of post-judgment interest pursuant to 28 U.S.C. § 1961 accruing from the date of this judgment until such date as judgment in this matter has been satisfied in full.

d.      An award against Respondents Sri Prayal Wijegoonaratna and Ball Point Capital, LLC, jointly and severally, of the attorneys' fees of $12,000 and expenses of $1,212.67 incurred in the bringing of this proceeding.

4.      This Order and Final Judgment Recognizing and Confirming Arbitration Award shall become effective upon entry by the Court.

**IT IS SO ORDERED**

Dated: New York, New York
         November 17, 2020

_____
SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A1

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brian Newberry and Kameren Newberry, individually and as Trustees of the Newberry Family Trust, | |
| Petitioners, | **Case No. 20-CV-7005 (SHS)(JLC)** |
| -against- | |
| Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC, | |
| Respondents. | |

## STIPULATION RECOGNIZING AND CONFIRMING ARBITRATION AWARD AND CANCELING THE SEALING ORDER OF AUGUST 28, 2020

WHEREAS this matter has come before the Court pursuant to "Petition for Confirmation of Arbitration Award Finding Breach of Contract, and Awarding Attorneys' Fees and Interest", dated August 28, 2020 of the Petitioners.

WHEREAS Petitioners Brian Newberry and Kameren Newberry are seeking confirmation of the Arbitrator's Final Award dated June 16, 2020 in The Matter of An Arbitration Between Brian Newberry and Kameren Newberry, individually and as Trustees of the Newberry Family Trust (Claimants/Counterclaim/Respondents)(herein "Petitioners") and Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC (Respondents/Counterclaimants)(herein, "Respondents"), American Arbitration Association Case No. 01-19-0000-7799 (the "Award").

WHEREAS the arbitration was for breach of a settlement agreement dated as of April 24, 2016 between Petitioners with Respondents ("the Agreement"), and the Agreement contained an agreement to arbitrate "pursuant to the AAA Commercial Rules, to be conducted by a single arbitrator in New York, New York."

WHEREAS in breach of the Settlement Agreement, Petitioners had alleged *inter alia* that Respondents failed to pay the amount due under the Settlement Agreement totaling seven hundred thousand dollars ($700,000.00).

WHEREAS in response to Petitioners' arbitration claims, Respondents filed their Answer and Affirmative Defenses, a Counterclaim, an Amended Counterclaim, and then a Second Amended Counterclaim.

WHEREAS the parties arbitrated their claims before Arbitrator Richard Ziegler of the AAA who issued the Final Award on June 16, 2020, which incorporated the Partial Final Award.

WHEREAS the parties agreed that any AAA award shall be final and binding and that judgment upon the AAA award may be entered in any court having jurisdiction thereof.

WHEREAS the parties agree that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and 9 U.S.C. § 201 et seq. and has authority to confirm the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

WHEREAS the Arbitrator made *inter alia* the following awards and findings:

- "…Claimants' first claim, for breach of contract, is sustained against Respondent Ball Pond Capital, LLC. Claimants Brian Newberry and Kameren Newberry, as Trustees of the Newberry Family Trust, are entitled to recover damages on behalf of the Newberry Family Trust from Respondent Ball Pond Capital, LLC in the amount of $700,000.00 plus interest …;"

- "Respondent Ball Pond Capital, LLC shall pay simple interest on the damages amount awarded of $700,000 at the rate of 3.00% per annum from January 1, 2019 until

2

the date of payment of the award. That interest amount is $20,223.22 through June 16, 2020 and $57.53 per day thereafter…;"

• "Claimants' third claim, for reimbursement of fees and costs, is sustained against Respondents in the total amount of $205,935.43 as follows: a. Respondents, jointly and severally, shall reimburse 55% of Claimants' reasonable attorneys fees, which results in the amount due to Claimants of $198,811.93;"

• "Respondents, jointly and severally, shall reimburse 55% of Claimants' reasonable costs for transcripts and travel, which results in the amount due to Claimants of $2490.75;"

• "The administrative fees and expenses of the American Arbitration Association [totaling] $12,975.00 shall be borne 55% by Respondents, an excess of $1636.25 above the apportioned costs previously incurred by Respondents; and the compensation and expenses of the arbitrator [totaling] $59,930.00 shall be borne 55% by Respondents, an excess of $2996.50 above the apportioned fees and expenses previously incurred by Respondents. Therefore, Respondents, jointly and severally, shall reimburse Claimants the sum of $4,632.75 in respect of such costs;"

• "Respondents, jointly and severally, shall pay simple interest on the total amount of costs and fees awarded of $205,935.43 at the rate of 3.00% per annum from the date of this Final Award until such amount is paid in full. That amount is $16.93 per day;" and,

• "The above sums are to be paid on or before 30 days from the date of transmittal of this Final Award to the Parties. To wit, Respondent Ball Pond Capital, LLC shall pay the sum of $926,158.65 plus interest of $74.46 daily from the date of this Final Award, and of that amount, Respondent Sri Prayal Wijegoonaratna is jointly and severally liable for the sum of $205,935.43 plus interest of $16.93 daily from the date of this Final Award."

WHEREAS by Order dated August 28, 2020 (the "Sealing Order"), the Court granted the

Petitioners' request to maintain temporarily the following information under seal: (a) the Petition

by the Newberrys for Confirmation of Arbitration Award Finding Breach of Contract, and

Awarding Attorneys' Fees and Interest; (b) the Memorandum of Law in Support of Petition for

Confirmation; and (c) the First Declaration of Thomas A. Holman and the eight exhibits attached

thereto, in order to permit Respondents to apply for sealing of these documents.

WHEREAS the Sealing Order specified that it would automatically expire on September

7, 2020 unless otherwise ordered by the Court.

WHEREAS the parties consent to cancelation of the Sealing Order and to the entry of a

Judgment confirming the AAA Award on the terms set forth below.

3

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, as follows:

1.      The Sealing Order shall be canceled, and all documents placed under seal in this Court shall be returned to the public docket, and forthwith be entered on the Court's Electronic Case Filing ("ECF") system without restriction, with the exception that a redacted version of the Agreement, in the form attached as Exhibit A hereto, shall be substituted as Exhibit 2 to the First Declaration of Thomas A. Holman in Support of Petitioners' Petition for Confirmation of Arbitration Award Finding Breach of Contract, and Awarding Attorneys' Fees and Interest dated August 28, 2020 ("Holman Declaration"). The Holman Declaration with the redacted Agreement as Exhibit 2 shall be filed on the public docket.

2.      Should a further submission of the Agreement to this Court become necessary, only the redacted version of the Agreement, in the form attached as Exhibit A hereto, may be filed on the public docket. Should the Court request an unredacted version of the Agreement, it shall be provided to the Court and filed under seal.

3.      The Court has subject-matter jurisdiction over this matter under 28 U.S.C. §1332(a)(2), because diversity of citizenship is complete between Petitioners, residents of the State of California, and Respondents, who reside or have an office in the State of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Court further has subject-matter jurisdiction under 9 U.S.C. § 9, which grants original federal jurisdiction over an action or proceeding to confirm an arbitration award entered in a proceeding in the United States. *See* 9 U.S.C. § 9.

4.      The parties had agreed to the application of the AAA Commercial Rules which provides in relevant part that "[p]arties to an arbitration under these rules shall be deemed to

4

have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

5.      No genuine dispute as to any material fact exists and Petitioners are entitled to judgment as a matter of law for the entire Arbitration Award entered by the AAA in the matter of Brian Newberry and Kameren Newberry, individually and as Trustees of the Newberry Family Trust, Claimants/Counterclaim-Respondents, vs. Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC, Respondents/Counterclaimants, AAA Arbitration Case No. 01-19-0000-7799 on June 16, 2020 (the "AAA Award") as follows:

a.      An award of $926,158.65 against Respondent Ball Pond Capital, LLC, which represents compensatory damages of $700,000 and reimbursement of fees and costs of $226,158.65 and of that amount, Respondent Sri Prayal Wijegoonaratna is jointly and severally liable for the sum of $205,935.43 plus interest of $16.93 daily from the date of the award, June 16, 2020, through the date of the judgment.

b.      An award of prejudgment interest against Respondent Ball Pond Capital, LLC of $74.46 daily accruing from the date of the award, June 16, 2020, through the date of ~~through the date of~~ the judgment.

c.      An award against Respondents Sri Prayal Wijegoonaratna and Ball Point Capital, LLC, jointly and severally, of post-judgment interest pursuant to 28 U.S.C. § 1961 accruing from the date of this judgment until such date as judgment in this matter has been satisfied in full.

d.      An award against Respondents Sri Prayal Wijegoonaratna and Ball Point Capital, LLC, jointly and severally, of the attorneys' fees of $12,000 and expenses of $1,212.67 incurred in the bringing of this proceeding.

6.    Upon the Court's so ordering of this stipulation Petitioners shall on ten days notice to the undersigned Respondents' attorneys submit a Final Judgment Recognizing and Confirming Arbitration Award which will include the amounts specified in paragraph 5, *infra*, and such Final Judgment shall become effective upon entry by the Court.

7.    This Stipulation constitutes the entire agreement of the parties, and no prior statement, representation, agreement, or understanding, oral or written, will have any force or effect.

8.    This Stipulation may be executed in counterparts and by e-mail or facsimile transmission, each of which shall be deemed an original for purposes of this Stipulation.

Dated: New York, New York
       October 23, 2020

Sanford Rosen (with permission, VKK)

Sanford Rosen, Esq.
Rosen & Associates, P.C.
747 Third Avenue, 20th floor
New York, New York 10017
Attorneys for Respondents

Dated: New York, New York
       October 23, 2020

Thomas A. Holman, Esq.
Holman Law, P.C.
99 Park Avenue, Suite 2600
New York, New York 10016
Attorneys for Petitioners

**IT IS SO ORDERED**

Dated: _October 27, 2020_

SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

6

EXHIBIT A

EXECUTION VERSION 300PM 2016-04-22

**REDACTED**

## SETTLEMENT AGREEMENT

    This Settlement Agreement ("Agreement") is made and effective as of the date on which the last Party signs it ("Effective Date") and is by and between Brian Newberry and Plastic Cash International, Inc. (together, "Newberry/PCI"), and Sri Prayal Wijegoonaratna and Ball Pond Capital, LLC (together, "SPW/Ball Pond"), all of which may be referred to herein collectively as "Parties" or individually as a "Party."

## RECITALS

    WHEREAS, Newberry/PCI have made certain claims and allegations against SPW/Ball Pond

which SPW/Ball Pond and               deny; and

    WHEREAS, SPW/Ball Pond have made certain claims and allegations against Newberry/PCI, which Newberry/PCI deny; and

    WHEREAS, the Parties have agreed to resolve all of their differences, without any admission of liability whatsoever, and avoid the expense of litigation, by entering into this Agreement on the terms and conditions set forth herein;

    NOW THEREFORE, in exchange for the terms and conditions set forth and all other consideration described herein, the receipt and sufficiency of which is hereby acknowledged, and without admission of liability, and in full satisfaction of all claims and potential claims, the Parties agree as follows:



## TERMS AND CONDITIONS

1. **Payments.** Ball Pond Capital, LLC will pay to Brian Newberry, by wire-transfer, the following amounts by the following dates:

| Due by | Amount |
|---|---|
| Three days from Effective Date | $65,000 |
| June 1 2016 | $50,000 |
| July 1 2016 | $50,000 |
| August 1 2016 | $50,000 |
| December 30 2016 | $50,000 |
| June 1 2017 | $50,000 |
| December 30 2017 | $50,000 |
| June 1 2018 | $100,000 |
| December 30 2018 | $350,000 |
| December 30 2019 | $350,000 |
| **TOTAL** | **$1,165,000** |

2. **Mutual General Releases.**

a. Except for those obligations created by this Agreement, Newberry/PCI agree forever to waive, release and discharge any and all claims, causes of action, demands, suits, controversies, agreements, debts, costs, expenses and damages, whether known or unknown, whether accrued or un-accrued, existing from the beginning of time to the end of time, including but not limited to claims for fraud and fraudulent inducement of this Agreement (collectively, "Claims"), that they have or may have against SPW/Ball Pond (and any business, entity or person affiliated with SPW/Ball Pond, including without limitation, the and any affiliated persons and entities) both individually and collectively, including their agents, attorneys, officers, directors, employees, shareholders, owners, affiliated or controlled companies, accountants, and assignees (collectively, "Released Claims"). For the avoidance of doubt, Released

2


INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

Claims include, without limitation, any claims for equity or financial participation whatsoever against the

b. Except for those obligations created by this Agreement, SPW/Ball Pond agree forever to waive, release and discharge any and all Claims that they have or may have against Newberry/PCI, including their agents, attorneys, employees, affiliated or controlled companies, accountants, and assignees.

3. **Destruction of Materials and Non-Communication Provisions.** The Parties agree to the terms of Annex A, hereto. The terms and conditions of Annex A hereto are a material part of this Agreement and are expressly incorporated as if restated herein. In any proceeding to enforce the terms of this Agreement, Annex A shall not be filed.

4. **Non-Disclosure Agreement and Non-Solicitation.** Newberry/PCI agree to continue to be bound by the terms and conditions of the Non-Disclosure Agreement dated June 15, 2015. In addition, Newberry/PCI shall maintain the confidentiality of all confidential information or trade secrets of SPW/Ball Pond and and shall not, either directly or indirectly, either on their own behalf, or on behalf of another person or business, divulge, use or misappropriate the confidential information or trade secrets of SPW/Ball Pond                     Newberry/PCI also agree that, through December 31, 2019, they shall not solicit any employees of any                    for employment in any manner.

5. **Confidentiality.** The Parties agree that they shall treat the terms and conditions of this Agreement as confidential, and the Parties shall not disclose them to any other person, except as necessary (a) to their respective accountants, tax preparers, and auditors, as long as such persons agree to keep this Agreement confidential, but in no case shall Annex A be disclosed to such persons; or (b) upon lawfully issued subpoena or court order, neither of which was solicited by any Party. Each Party agrees to give immediate notice to the other Parties of the receipt of any subpoena or court order requiring the disclosure of this Agreement or its subject-matter. In any proceeding to enforce this Agreement (which proceeding must be conducted in accordance with Section 13), this Agreement shall be filed and maintained under seal, subject to Section 3 above, which prohibits the filing of Annex A.

3

INITIALED:

(NEWBERRY)
(WIJEGOONARATNA)

6.  **Non-Disparagement.** The Parties will not disparage any other Party, or affiliated people or entities (including but not limited to the Aliya Affiliates) in any way. Without limiting the generality of the foregoing, Newberry/PCI will not participate in any public or private discussion, including any commentary on social media, about SPW/Ball Pond or SPW/Ball Pond will not participate in any public or private discussion, including any commentary on social media, about Newberry/PCI.

7.  **No Assignment of Claims.** Each Party represents and warrants that it has neither assigned nor otherwise transferred to any other person or entity, any interest whatsoever in any claim, if any, that it may have or claimed to have had against any other Party. For the avoidance of doubt, any such claims are released by Section 2, above.

8.  **Actions by Third Parties.**

    a.  Newberry/PCI represent that they have not and will not participate in or file against SPW/Ball Pond or the _____, any action, cause of action, lawsuit or proceeding whatsoever and that this Agreement may be pleaded as a complete bar to any such action, cause of action, lawsuit or proceeding. Newberry/PCI also agree that if any court or arbitral panel assumes jurisdiction over any such action involving or on behalf of Newberry/PCI, they shall promptly withdraw from and request that such court or panel dismiss any such action. Newberry/PCI further agree that they will not voluntarily lend any support to or participate in any action, cause of action, claim, investigation, lawsuit or proceeding adverse to or brought against SPW/Ball Pond or the Aliya Affiliates by any third party, and will not communicate in any way with the media with respect to any such claim or action (other than to respond that they have "no comment").

    b.  SPW/Ball Pond represent that they have not and will not participate in or file against Newberry/PCI any action, cause of action, lawsuit or proceeding whatsoever and that this Agreement may be pleaded as a complete bar to any such action, cause of action, lawsuit or proceeding. SPW/Ball Pond also agree that if any court or arbitral panel assumes jurisdiction over any such action against Newberry/PCI involving or on behalf of SPW/Ball

4



INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

Pond or _____ they shall promptly withdraw from and request that such court or panel dismiss any such action. SPW/Ball Pond further agree that they will not voluntarily lend any support to or participate in any action, cause of action, claim, investigation, lawsuit or proceeding adverse to or brought against Newberry/PCI by any third party, and will not communicate in any way with the media with respect to any such claim or action (other than to respond that they have "no comment").

e. Notwithstanding the above representations, each Party acknowledges that each has a legal obligation to respond to any lawfully issued subpoena or court order as long as the subpoena or order was not in any way solicited by that Party.

9. **Recovery of Benefits.** If Newberry/PCI engage in conduct which violates any provision of this Agreement, SPW/Ball Pond shall be entitled to recover any and all money paid to Newberry under Section 1 of this Agreement in addition to any and all damages and remedies, including injunctive relief, which may be available under applicable law. Likewise, if SPW/Ball Pond violate any provision of this Agreement, Newberry/PCI shall be entitled to any and all damages and remedies, including injunctive relief, which may be available under applicable law.

10. **No Other Representations or Warranties.** Other than the representations and warranties expressly made in this Agreement, the Parties agree that there are no other representations or warranties by any Party and any such representations or warranties are expressly disclaimed.

11. **Complete Agreement.** This Agreement constitutes and contains the entire agreement and understanding concerning the subject matters addressed herein between the Parties. Furthermore, this Agreement supersedes and replaces all prior negotiations and all agreements proposed or otherwise exchanged, whether written or oral, concerning the subject matters hereof. This is an integrated document. It can be amended only in writing, executed by all Parties.

12. **Severability of Invalid Provisions.** If any provision of this Agreement or the application thereof is held invalid, the invalidity shall not affect other provisions or applications of the Agreement

6



INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

which can be given effect without the invalid provisions or applications, and to this end the provisions of this Agreement are declared to be severable.

13. **Choice of Law / Venue / Arbitration / Fees.** This Agreement shall be deemed to have been executed and delivered within the State of New York, and the rights and obligations of the Parties shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without regard to principles of conflict of laws. Any proceeding seeking to enforce this Agreement can be brought only in arbitration, pursuant to the AAA Commercial Rules, to be conducted by a single arbitrator in New York, New York. The prevailing party in such arbitration shall be awarded its reasonable attorney's fees and costs in proportion to the degree it has prevailed, with consideration given to any prior offer to settle the matter in arbitration. Any such arbitration and any related proceedings shall be confidential.

14. **Execution – Effect – Copies.** This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. True copies are considered originals.

15. **Waiver of Breach – Effect.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the party waiving the breach.

16. **Further Executions.** The Parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions that may be necessary or appropriate to give full force to the basic terms and intent of this Agreement and which are not inconsistent with its terms.

17. **Headings Not Binding – Singular/Plural.** The use of headings in this Agreement is only for ease of reference, and the headings have no effect and are not to be considered part or a term of this Agreement. Terms used in the singular shall be deemed to include the plural and vice versa.

18. **Voluntary Execution / Advice of Counsel.** Each Party expressly represents and warrants that each has carefully read and fully

6


INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

understands all of the provisions of this Agreement and has obtained independent advice of legal counsel and, after review of this Agreement with counsel and receipt of legal advice, freely and voluntarily enters into this Agreement.

19. **Wire-transfers.** Wire-transfers of the payments in Section 1 above, shall be made according to the instructions listed on Annex B. Newberry/PCI agree to notify the Parties promptly of any changes to the wire instructions.

20. **Breach and Cure Period.** Any alleged breach of this Agreement shall not be declared or enforced without notice and an opportunity to cure of seven days.

21. **Notices.** All notices required under this Agreement shall be delivered by email, with a copy via Federal Express, to the following:

If to Newberry/PCI:

Daniel L. Hitzke, Esq.
Daniel.Hitzke@hitzkelaw.com
100 Oceangate, Suite 1100
Long Beach, CA 90802

If to SPW/Ball Pond:

Lewis Tein, P.L.
Attn: Michael Tein, Esq.
tein@lewistein.com
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133.

The Parties shall promptly provide notice of any changes in addresses.

7


INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

IN WITNESS THEREOF, the Parties have caused this Agreement to be duly executed and delivered as of the last date written below:

**BRIAN NEWBERRY**

Date: 4/22/16

**INDIVIDUALLY**

I HEREBY CERTIFY that the foregoing instrument was acknowledged before me this ____ day of _____, 2016, by Brian Newberry who is ____ personally known to me or who produced _____ as identification and who did take an oath.

_____
Notary Public, State of California

_____
Printed Name of Notary Public

My Commission Expires

**PLASTIC CASH INTERNATIONAL, INC.**
**BY:**

Date: 4/22/16

~~BRIAN NEWBERRY~~
**ITS PRESIDENT**
**WITH FULL AUTHORITY**

I HEREBY CERTIFY that the foregoing instrument was acknowledged before me this ____ day of _____, 2016, by Brian Newberry who is ____ personally known to me or who produced _____ as identification and who did take an oath.

_____
Notary Public, State of California

_____
Printed Name of Notary Public

My Commission Expires

8

INITIALED:
(NEWBERRY)
(WIJEGOONARATNA)

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of Orange }

On April 23, 2016 before me, A. Magaña, Notary Public
(Here insert name and title of the officer)

personally appeared Brian Newberry

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                    (Notary Public Seal)

**A. MAGANA**
Commission No. 2130355
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires OCTOBER 15, 2019

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Settlement Agreement
(Title or description of attached document)

Execution Version 2016-01-22
(Title or description of attached document continued)

Number of Pages 13 Document Date 4/22/16

### CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of Orange }

On April 23, 2016 before me, A. Magaña, Notary Public
(Here insert name and title of the officer)

personally appeared Brian Newberry,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature          (Notary Public Seal)

**A. MAGANA**
Commission No. 2130355
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires OCTOBER 15, 2019

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

Settlement Agreement
(Title or description of attached document)

Execution Version 2016-04-22
(Title or description of attached document continued)

Number of Pages 13 Document Date 4/22/16

CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM

This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is/are) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ✦ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ✦ Indicate title or type of attached document, number of pages and date.
  ✦ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

# REDACTED

## ANNEX A

### CONFIDENTIAL

A.  Newberry/PCI agree to have no affirmative contact with the following people in any manner whatsoever, whether direct or indirect, personally or through another person or entity, including but not limited to contact by means of in-person discussions, telephone, text, email, letter, or social media: (1)                                      ; (2)                         SPW; and (3) any member of SPW's family. In the event that                         contacts Newberry/PCI, Newberry/PCI will not respond and will notify Michael Tein, Esq. immediately.

B.  Within three days of the Effective Date, Newberry/PCI will deliver to Lewis Tein, P.L., ATTN. Michael Tein, Esq., all materials relating to or received from                         that are in Newberry/PCI's possession, custody or control, including but not limited to electronic materials, and all copies of any such materials, by Federal Express.

C.  Newberry/PCI will destroy and delete any remaining electronic copies of any such materials.

D.  Newberry/PCI agree to treat as confidential, and not disclose or cause to be disclosed, whether directly or indirectly, in any manner whatsoever, any and all personal information relating to

E.  Within four days of the Effective Date, Newberry and his wife, Kameren Newberry, shall execute the attached confidential certifications and Newberry/PCI shall deliver the executed certifications to Michael Tein, Esq.

F.  Newberry/PCI agree that any disclosures by Kameren Newberry in violation of the confidentiality terms contained in this Agreement and her confidential certification, will constitute a breach of this Agreement by Newberry/PCI.

10


INITIALED.
(NEWBERRY)
(WIJEGOONARATNA)